**In the Matter of the ESTATE OF Thelma E. BARBER, Deceased.**

No. 59392.

Court of Appeals of Oklahoma, Division No. 4.

Feb. 14, 1984.

Released for Publication by Order of Court of Appeals April 9, 1984.

John W. Gile, Miller, Dollarhide, Dawson & Shaw, Oklahoma City, for appellant.

Tal Oden, Altus, for appellees.

BRIGHTMIRE, Judge.

The single issue presented is whether the court reversibly erred in overruling a will contestant's mid-trial sworn to motion for continuance. We hold it did not and affirm.

## I

The underlying facts are that Thelma E. Barber died testate January 13, 1982. Surviving her was her father, Arch C. Thompson, and her brother, E.L. Thompson, the contestant.

Barber's will was prepared by her attorney and executed on November 13, 1981, in his office. She left all her property in trust for the benefit of her aging father and expressly disinherited contestant.

On January 18, 1982, two executors named by Barber filed a petition to probate the 1981 will. It was ordered to be heard on January 28, and notice was given to interested parties.

Barber's father, who in the meantime had been removed by contestant from an Altus, Oklahoma, nursing home to Fort Worth, Texas, under circumstances open to question, died March 18, 1982.

One week later E.L. Thompson filed a contest pleading, asking the court to declare the Barber will void and to deny its admission to probate on the ground that at the time of its execution Barber "was acting under undue influence and duress" practiced by the two co-executors and trust residual remaindermen, William A. Weaver and Nell Reeder.

The petition to probate Barber's will was heard January 28, 1982, and the will was admitted to probate.

On March 25, 1982, E.L. Thompson filed a "petition" in the case, alleging that Barber controlled their father's "substantial estate" and renewing his allegation that the will "hereto admited [sic] into probate" was the product of undue influence, duress and fraud exerted by Weaver and Reeder. He again asked that the will be voided. This petition was set for hearing on April 12.

On April 1 Thompson dismissed his contest petition without prejudice, citing poor health and grief as the reasons.

Thompson filed an "amended petition" on April 23, adopting by reference the allegations of his earlier petition—which, it will be recalled, had been dismissed—and claiming ownership of certain items of personal property possessed by Barber. It was not until the following October that the court set the "amended petition" to be heard on November 8, 1982.

On November 8 contestant did not appear. His lawyer did, however, and orally asked for a continuance saying his client was too ill to attend. The court took a recess for the purpose of giving contestant an opportunity to comply with the requirements of 12 O.S.1981 § 668. This statute specifies that a motion for a continuance on account of absent evidence can be made only upon an affidavit showing that the expected evidence consists of material facts movant believes to be true and which he diligently sought to obtain earlier without success and, in the case of testimony, can probably be procured within a reasonable time.

Eventually contestant's lawyer produced and filed an affidavit. The attorney swore he was "informed and believes that E.L. Thompson is suffering from a physical disability and illness sufficient to prevent him, upon compentent [sic] medical advise [sic] from traveling from his residents [sic] in Fort Worth, Texas and attending a trial.... That he can testify as to conversation and letters from Thelma Barber to him and that his testimony would tend to prove that said Thelma Barber was incompetent and acting under duress and influence in the making in [sic] execution of her will and he believes that his testimony is true."

The trial court found that this affidavit did not meet the statutory requirements

and was otherwise insufficient to warrant a continuance and proceeded to hear the case. At the close of the evidence the court took the matter under advisement and on November 12 signed and filed detailed findings of facts which led up to the denial of contestant's motion for continuance and rendition of the final order now challenged. The continuance related findings are lengthy. In essence they support the trial court's ultimate conclusion that E.L. Thompson pursued a course of conduct that "has been obstructive and dilatory in general." This conclusion was based on, among other things, contestant's: (1) fabrication of a contest by claiming to represent his father's interests; (2) obtaining and discharging counsel at various times and in a manner calculated to delay progress in probating the estate and hearing his contest; (3) "surreptitiously" removing his father from Altus, Oklahoma, and later refusing to disclose his whereabouts to the court; (4) refusing to comply with court orders; and (5) asking for an unjustified continuance on March 28, 1982, which when it was refused, he reacted to by dismissing his contest pleading.

And there were other findings regarding contestant's improprieties, but perhaps the most important one was that contestant agreed that he and his witness would submit to a deposition on October 25, 1982, in Altus, and proponents agreed to have one of their witnesses present to be deposed by contestant. Proponent's witness traveled from Baytown, Texas, to Altus, Oklahoma, and was present at the agreed time. Contestant and his witness failed to appear, and contestant's counsel refused to depose the witness he had requested to be present. The deposition taking was set over until November 1, 1982, by agreement. Again contestant refused to appear and offered no reason for the failure.[1]

## II

We hold the trial court did not abuse its discretion in denying the contestant's request for a continuance.

To begin with, contestant clearly failed to meet the statutory requirements necessary for obtaining a continuance. The belated affidavit was not contestant's, but his lawyer's, who apparently had no first hand knowledge of what he was trying to express. The affidavit was vague and equivocal concerning contestant's alleged "illness." It referred to conversations and letters which the affiant concluded would "tend to prove" that Barber was incompetent when she made her will, but it set out not one fact to support the affiant's conclusion and not one word about the actual conversation or the contents of the letters referred to. In other words if proponents had attempted to exercise their statutory right to agree to the introduction in evidence of the sworn facts to be considered as evidence in the case, they would have afforded absolutely no factual foundation for concluding that the testatrix lacked capacity or that the will in question resulted from duress or the undue influence of anyone. Finally, although not controlling, the affidavit was not accompanied by any adequate physician's statement establishing an inability of contestant to be present.

And when the shortcoming of contestant's motion is coupled with his undisputed history of foot dragging throughout the course of this probate proceeding, we are satisfied the trial judge made the right decision. Due process requires that contestant be afforded an opportunity to be heard, not an opportunity to obstruct and harass his adversary. The record demonstrates contestant was given not one, but several opportunities to be heard.

Affirmed.

DeMIER, P.J., and STUBBLEFIELD, J., concur.

---

**1.** The attorney handling this appeal is not the same one who represented contestant in the trial court.